UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BRAND, *et al*,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:25-cv-00322-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Mr. Brand brings this case against Defendants the State of Nevada, the Nevada Division of Child and Family Services, Lyon County Human Services, Banner Churchill County Hospital, Michelle Reed, and Kathryn Durst asserting claims on behalf of his minor daughter. (ECF No. 1-1). Before the Court are Mr. Brand's application to proceed *in forma pauperis* (IFP) (ECF Nos. 1, 4), *pro se* civil rights complaint (ECF No. 1-1), and motion for appointment of counsel (ECF No. 1-2). Also before the Court is Magistrate Judge Carla Baldwin's report and recommendation (R&R) recommending a grant of Mr. Brand's application to proceed IFP, dismissal of his complaint, and denial of motion for appointment of counsel as moot. (ECF No. 5). Mr. Brand filed an objection to the R&R, arguing that his claims are not futile and that the Court should appoint counsel for his eighteen-month-old daughter. (ECF No. 6.)

I. **LEGAL STANDARD**

　a. **Screening Standard**

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law

1

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a pro se plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### b. Review of Reports and Recommendations

Magistrate judges are empowered to issue reports and recommendations

1    on dispositive issues, which district judges may "accept, reject, or modify, in
2    whole or in part." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a
3    magistrate judge's report and recommendation, then the court is required to
4    "make a *de novo* determination of those portions of the [report and
5    recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is
6    not required to conduct "any review at all . . . of any issue that is not the subject
7    of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because Mr. Brand
8    objects to Judge Baldwin's R&R, the Court reviews the issues *de novo*.

## II.   ANALYSIS

Judge Baldwin concluded that Mr. Brand's complaint should be dismissed without prejudice because he is asserting legal claims on behalf of his daughter that can only be asserted by the injured party. (ECF No. 5.) Mr. Brand objected that he is seeking counsel for his eighteen-month-old daughter, and that he would step down as a plaintiff for her to be able to access legal representation. (ECF No. 6.)

The Ninth Circuit has held "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). This flows from the more general rule that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Id*. The Court is sympathetic to Mr. Brand's concern for his daughter and his effort to secure her counsel while he is incarcerated and proceeding *pro se*. Because *Johns* remains controlling Ninth Circuit law, his claims must be dismissed. *See Grizzell v. San Elijo Elementary School,* 110 F.4th 1177, 1180 (9th Cir. 2024) (holding that the application of the counsel mandate in *Johns* "unquestionably raises concerns with grave implications for children's access to justice" but the Ninth Circuit is bound by its precedents); *Osei-Afrivie v. Medical College*, 937 F.2d 876, 878 (3d Cir. 1991) (if a lawyer is not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the

minor may bring the action upon reaching the age of majority). Therefore, the Court adopts Judge Baldwin's R&R (ECF No. 5) dismissing the complaint without prejudice.

### III. CONCLUSION

It is therefore ordered that the complaint (ECF No. 1-1) be DISMISSED without prejudice.

It is further ordered that Mr. Brand's application to proceed *in forma pauperis*, (ECF No. 1) is DENIED as moot.

It is further ordered that the Clerk FILE the complaint, (ECF No. 1-1).

It is further ordered that Mr. Brand's Motion for Appointment of Counsel, (ECF No. 1-2) be DENIED as moot.

It is further kindly ordered that the Clerk ENTER JUDGMENT accordingly and CLOSE this case.

Dated this 28th day of October, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE